UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN MICHIGAN

JOHN HENRY DIXON,

       Petitioner,

   v.                                        CASE NO. 01-CV-40295-FL
                                                HONORABLE PAUL V. GADOLA

HAROLD WHITE,

       Respondent.
_____/

## ORDER GRANTING A CERTIFICATE OF APPEALABILITY

Petitioner John Henry Dixon has appealed the Court's denial of his application for the writ of habeas corpus under 28 U.S.C. § 2254.  Currently pending before the Court is Petitioner's motion for a certificate of appealability.

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition.  Instead, [the] petitioner must first seek and obtain a [certificate of appealability]." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "It is consistent with § 2253 that a [certificate of

appealability] will issue in some instances where there is no certainty of ultimate relief.  After all, when a [certificate of appealability] is sought, the whole premise is that the prisoner 'has already failed in that endeavor.'"  *Miller-El*, 537 U.S. at 337 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Petitioner seeks a certificate of appealability as to his first, second, and fourth habeas claims, which allege that –

> I.  Petitioner was deprived of his Sixth and Fourteenth Amendment rights to a speedy trial where there was a forty-one month delay between his arrest and his trial, where this delay was primarily attributable to the prosecution, and where the delay resulted in a loss of a material defense witness;
>
> II.  The Michigan state courts' decision to apply the Rape Shield Statute so as to bar defense evidence probative of the source of injury in a sexual abuse case constituted an unreasonable application of law as determined by the Supreme Court of the United States, and violated Petitioner's constitutional right to confrontation of witnesses and to present a defense; and
>
> IV.  Petitioner was deprived of the effective assistance of counsel at trial and on appeal where (A) trial counsel failed adequately to investigate and present material evidence that the complainant had been sexually assaulted previously, where that evidence would explain the condition of the complainant's hymen, and (B) appellate counsel failed to raise the issue of ineffectiveness of trial counsel.

The Court rejected the first and second habeas claims on their merits.  The Court determined that Petitioner's claim about trial counsel (IV.A.) was procedurally defaulted and that appellate counsel was neither ineffective, nor "cause" for Petitioner's procedural default.

Reasonable jurists could debate the Court's assessment of Petitioner's constitutional claims because the issues were close.  Reasonable jurists also could debate whether the Court's

procedural ruling on Petitioner's fourth claim was correct and whether Petitioner stated a valid claim of the denial of his constitutional right to effective assistance of counsel.  "[A] claim can be debatable even though every jurist of reason might agree, after the [certificate of appealability] has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Id.* at 338.

     Accordingly, **IT IS ORDERED AND ADJUDGED** that Petitioner's motion for a certificate of appealability [Doc. #43, June 6, 2005] is **GRANTED**.  A certificate of appealability may issue on Petitioner's first, second, and fourth habeas claims.

                                                       s/Paul V. Gadola
                                                        PAUL V. GADOLA
                                                        UNITED STATES DISTRICT JUDGE

Date:   July 11, 2005

---

Certificate of Service

I hereby certify that on      July 11, 2005     , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                              William C. Campbell                              , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                   Kenneth M. Mogill                          .

                                                     s/Ruth A. Brissaud
                                                   Ruth A. Brissaud, Case Manager
                                                   (810) 341-7845