UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HENRY DIXON,

                             Petitioner,

                                                            CIVIL CASE NO. 01-40295

v.

HAROLD WHITE,                                HONORABLE PAUL V. GADOLA
                                                            U.S. DISTRICT COURT

                             Respondent.
_____/

## **ORDER**

       This matter comes before the Court following an appeal to the Court of Appeals for the Sixth Circuit. The January 3, 2007 opinion and order of the Sixth Circuit reversed this Court's April 21, 2005 order denying Petitioner's petition for a writ of habeas corpus, pursuant to 18 U.S.C. § 2254. Furthermore, the Sixth Circuit opinion and order directed this Court to grant Petitioner a writ of habeas corpus based upon a violation of Petitioner's Sixth Amendment right to a speedy trial. For the following reasons, the Court will grant Petitioner's request for a writ of habeas corpus and order him released.

       On April 21, 2005, this Court denied Petitioner's petition for a writ of habeas corpus finding that Petitioner was not entitled to a writ because, among other reasons, his constitutional right to a speedy trial was not violated. *See* U.S. Const. amend VI. Petitioner filed a notice of appeal on May 18, 2005. Then, on July 11, 2005, recognizing that "[r]easonable jurists could debate the Court's assessment of Petitioner's constitutional claims because the issues were close," the Court granted Petitioner a certificate of appealability. Order Granting COA, p. 2 (July 11, 2005) [docket entry #47].

On appeal, the Court of Appeals found that Petitioner's case was "materially indistinguishable" from that of *Doggett v. United States*, 505 U.S. 647 (1992).  Accordingly, when the Michigan courts held that the three and one-half year delay in Petitioner's trial did not violate Petitioner's right to a speedy trial, "the Michigan court engaged in an unreasonable application of United State[s] Supreme Court precedent."  *Dixon v. White*, No. 05-1786, 2007 WL 29160, at *4 (6th Cir. Jan. 3, 2007).   Therefore, the Sixth Circuit reversed this Court's denial of a writ and directed the Court to grant Petitioner's petition for a writ of habeas corpus.  *Id.  See also* 28 U.S.C. § 2254(d).  On January 17, 2007, Respondent moved for an *en banc* rehearing and on February 22, 2007, moved to stay the issuance of the mandate pending a petition for writ of certiorari to the United States Supreme Court.

In the intervening time period, on January 22, 2007, Petitioner moved for release from state custody.  Respondent filed an expedited answer to Petitioner's motion on January 25, 2007 after an order of the Court directing him to do so.

The Court of Appeals denied Respondent's motion to stay the issuance of the mandate on March 14, 2007 and denied Respondent's motion for an *en banc* rehearing on March 29, 2007. Following Respondent's renewed motion to stay the mandate, the Sixth Circuit denied the motion and issued the mandate, both on April 16, 2007.  Accordingly, the mandate having issued, this Court now has jurisdiction, and a duty, to follow the opinion and order of the Court of Appeals.  *See United States v. O'Dell,* 320 F.3d 674, 679-80 (6th Cir. 2003); *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999); Fed. R. App. P. 41; 6 Cir. I.O.P. 41.  Accordingly, the Court will grant Petitioner a writ of habeas corpus.

The Court's grant of writ does not end this matter however.  Because Respondent is seeking

a writ of certiorari to the United States Supreme Court, the Court must determine whether Petitioner is entitled to release while further review of the decision to grant the habeas petition is pending. A determination of whether Petitioner should be released pending further review is governed by Federal Rule of Appellate Procedure 23(c). The rule provides:

> **Release Pending Review of Decision Ordering Release.** While a decision ordering the release of a prisoner is under review, the prisoner must--unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise--be released on personal recognizance, with or without surety.

Fed. R. App. P. 23(c).

"This rule makes it clear that pending appeal by the custodian of a prisoner who has successfully obtained a writ of habeas corpus the prisoner is presumptively entitled to release." *United States ex rel. Barnwell v. Rundle*, 461 F.2d 768, 770 (3d Cir. 1972) (cited in *Cagle v. Davis*, 520 F. Supp. 297, 311 (D.C. Tenn. 1980) *aff'd*, 663 F.2d 1070 (6th Cir. 1981)). *See also Hilton v. Braunskill*, 481 U.S. 770, 774 (1987) (stating "Rule 23(c) undoubtedly creates a presumption of release from custody in such cases. . . .").

The presumption in favor of release is not, however, insurmountable. The presumption "may be overcome if the traditional stay factors tip the balance against it." *Hilton*, 481 U.S. at 777. The stay factors to be considered are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.*

In the instant case, after a full consideration of the factors, the Court finds that Petitioner is entitled to release. First, Respondent is unable to demonstrate that it is likely to succeed on the

3

merits. Although this Court originally denied Petitioner's petition, the Court recognized that the issues were debatable by reasonable jurists because the denial was a close call. On appeal, however, Respondent's arguments were thoroughly considered and ultimately rejected by a unanimous panel of the Court of Appeals. Furthermore, despite Respondent's belief that the opinion of the unanimous panel was "seriously flawed," *see* Respondent's Answer, p. 6 [docket entry #52], the Court of Appeals clearly disagrees as evidenced by the denial of Respondent's request to stay the mandate and the denial of the motion for an *en banc* rehearing. Accordingly, Respondent has failed to make the requisite showing that he is likely to succeed on the merits; the first factor weighs in favor of Petitioner.

Respondent cannot prevail on the second factor either. Respondent cannot demonstrate that it will be irreparably harmed by Petitioner's release. Although "the possibility of flight should be taken into consideration" *Hilton*, 481 U.S. at 777 , Petitioner was released on bond throughout the pretrial proceedings in state court prior to his conviction and did not fail to appear. *See* Petitioner's Mot., p. 4 [docket entry #50]. This factor also weighs in favor of Petitioner.

Finally, the Court must consider the potential injury to other parties interested in the proceeding and where the public interest lies. *Hilton*, 481 U.S. at 777. Respondent argues that, considering the nature of the crimes alleged and the length of the sentence left to be served, these factors weigh heavily in favor of Petitioner's continued incarceration.

The Court is cognizant of the disturbing nature of the crimes alleged. Allegations of the sexual abuse of children and the attempted intimidation of the victims are extremely troubling to the Court. The Court cannot minimize the severity of those allegations. The Court also does not minimize in any way the interests of the victims or the State. Both have a manifest interest in the

incarceration of sex offenders.  However, the Sixth Circuit has found that Petitioner's conviction was obtained in violation of the Sixth Amendment of the Constitution.  Such a conviction is fundamentally unfair and unjust.  And given that Respondent's possibility of success on appeal is limited, it is likely that absent release pending further review, Petitioner could remain incarcerated for a conviction that a unanimous panel of the Sixth Circuit has determined was obtained in violation of the Constitution. Both the public and the State have a manifest interest in a fair and just judicial process as well as the release of individuals whose convictions were obtained in violation of the Constitution.  Indeed, such an interest goes to the very nature of writs.  As recognized by Chief Judge, and later Justice, Benjamin Cardozo:

> It would be intolerable that a custodian adjudged to be at fault, placed by the judgment of the court in the position of a wrongdoer, should automatically, by a mere notice of appeal prolong the term of imprisonment, and frustrate the operation of the historic writ of liberty. "The great purpose of the writ of habeas corpus is the immediate delivery of the party deprived of personal liberty. . . ." Certain it is, at least, that the writ may not be thwarted at the pleasure of the jailer. . . . Little would be left of "this, the greatest of all writs" if a jailer were permitted to retain the body of his prisoner during all the weary processes of an appeal. . . .

*People ex rel. Sabatino v. Jennings*, 158 N.E. 613, 614 (N.Y. 1927)(citations omitted) (quoted in *Cagle v. Davis*, 520 F. Supp. at 311).

Therefore, after a full consideration of all the traditional stay factors, *see Hilton*, 481 U.S. at 777, the Court is unable to conclude that Respondent has carried its burden.  The Court finds that the strong presumption in favor of release has not been overcome, *United States ex rel. Barnwell*, 461 F.2d at 777; *Hilton*, 481 U.S. 770, 774 (1987),  and the Court will therefore order Petitioner's immediate release.

**ACCORDINGLY**, **IT IS HEREBY ORDERED** that in accordance with the order and opinion of the Court of Appeals for the Sixth Circuit, Petitioner's writ of habeas corpus is

**GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's custodian shall **IMMEDIATELY RELEASE** Petitioner from custody.

**SO ORDERED.**

Dated:   April 20, 2007                                       s/Paul V. Gadola
                                                              HONORABLE PAUL V. GADOLA
                                                              UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   April 20, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:              Kenneth M. Mogill; John S. Pallas                        , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:              MDOC                                      .


                                                              s/Ruth A. Brissaud
                                                              Ruth A. Brissaud, Case Manager
                                                              (810) 341-7845